# KCOJ eFiling Cover Sheet

Case Number: 21-CI-03047

Envelope Number: 3931840

Package Retrieval Number: 393184026509957@00001011222

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 13.53

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Vincent Riggs, Fayette Circuit Clerk
120 N. Limestone, Room C-103
Lexington, KY 40507-1152

USPS CERTIFIED MAIL

9236 0901 9403 8352 7458 55

Restricted Delivery

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON
DENNIS GLASS
150 N. RADNOR CHESTER RD STE. A 300
WAYNE, PA 19087

EXHIBIT

A



Generated: 10/8/2021 1:09:3

This page was intentionally left blank

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **21-CI-03047**
Court: **CIRCUIT**
County: **FAYETTE**

# CIVIL SUMMONS

*Plantiff*, **ENGLISH, JASON VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**, *Defendant*

TO: **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**
**DENNIS GLASS**
**150 N. RADNOR CHESTER RD STE. A 300**
**WAYNE, PA 19087**

The Commonwealth of Kentucky to Defendant:
**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Vincent Riggs
Fayette Circuit Clerk
Date: **10/7/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________, 20____ ______________________________
Served By

______________________________
Title

Summons ID: 393184026509957@00001011222
CIRCUIT: 21-CI-03047 Certified Mail
ENGLISH, JASON VS. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON



eFiled

This page was intentionally left blank

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION ______
CIVIL ACTION NO. ____________________

***ELECTRONICALLY FILED***

JASON ENGLISH PLAINTIFF

v. COMPLAINT

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON DEFENDANT
Dennis Glass, President of Lincoln Life Assurance Company of Boston
150 N. Radnor Chester Road, Ste. A 300
Wayne, PA 19087

SERVE: Kentucky Secretary of State
Summonses Branch
700 Capital Avenue, Suite 86
Frankfort, Kentucky 40601

and

SERVE: Dennis Glass, President of Lincoln Life Assurance Company of Boston
150 N. Radnor Chester Road, Ste. A 300
Wayne, PA 19087

*** *** *** *** ***

Plaintiff Jason English brings the following Complaint for unpaid and wrongfully denied short-term and long-term disability benefits against Defendant Lincoln Life Assurance Company of Boston formerly doing business as Liberty Life Assurance Company of Boston and states as follows:

1. This action arises under a written contract for short-term and long-term disability benefits and ERISA rights, §502(e) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e), et seq. This action is brought by Plaintiff and Plan Participant Jason English to recover long term disability benefits from Defendant - Lincoln Life Assurance Company of Boston formerly d/b/a Assurance Company of Boston formerly doing business as Liberty.

2. This Court has jurisdiction over the parties and subject matter of this dispute pursuant to 28 U.S.C. §502(e) of the Employment Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. §1132(e)(1) which provides concurrent jurisdiction to recover benefits and enforce rights under employee benefits plans to state courts.

3. Since the events giving rise to Plaintiff's claims against Defendant occurred while Plaintiff was located in Lexington, Fayette County, Kentucky and Defendant does business therein, venue is proper in this Court. .

4. Plaintiff Jason English is a resident of Lexington. Fayette County, Kentucky who was insured by Lincoln Life Assurance Company of Boston under a contract for disability insurance and wage replacement pursuant to a group policies for employees of Toyota Engineering & Manufacturing of Kentucky.

5. Throughout the remainder of this Complaint, Plaintiff Jason English is denominated as "Plaintiff" or "Mr. English."

6. Defendant Lincoln Life Assurance Company of Boston is an insurance company doing business throughout the nation including doing business in the Commonwealth of Kentucky.

7. Lincoln Life Assurance Company of Boston is the successor to the previous Plan Administrator for Liberty Life Assurance Company of Boston.

8. Lincoln Life Assurance Company of Boston is not registered with the Kentucky Secretary of State or the Kentucky Department of Insurance.

9. Throughout the remainder of this Complaint, Lincoln Life Assurance Company of Boston is denominated as "Defendant" or "Lincoln"

10. Plaintiff was a full-time employee of Toyota Engineering & Manufacturing of Kentucky for a sufficient period of time to qualify for eligibility under the terms of the company's short-term and long-term disability insurance policies with Lincoln.

11. Plaintiff participated in the above described short-term and long-term disability insurance plans offered by his employer.

12. At all times relevant to this action and the events described herein, the above described short-term and long term disability insurance policies/benefit plans were administered by Lincoln.

13. At all times relevant to this action and the events described herein, Lincoln was acting as the "plan administrator" for the above described short-term and long-term disability insurance plans.

14. On or about July 27, 2018, Plaintiff became disabled as defined by the short-term and long-term disability plans administered by Lincoln for and was therefore unable to continue working.

15. In accordance with Plaintiff becoming disabled, he began receiving short-term disability benefits from Lincoln pursuant to the above described short-term disability plan administered by Lincoln.

16. Despite Lincoln previously acknowledging Plaintiff's disability and approving him for short-term disability benefits, Defendant nonetheless discontinued paying short-term disability benefits to Mr. English on September 27, 2018 after he made an unsuccessful attempt to return to work.

17. Lincoln's rationale for denying short-term and long-term disability benefits to Mr. English was erroneous.

18. Plaintiff has pursued and exhausted his administrative remedies available under the plan.

19. Lincoln erroneously concluded that as of September 24, 2018 Mr. English's mental health problems were no longer of a severity, frequency and duration which rendered him unable to perform his job as a production team leader at Toyota Engineering & Manufacturing of Kentucky.

20. Lincoln has intentionally and callously ignored the substantive medical proof provided to it by Plaintiff's treating physicians and distorted their statements in a manner allowing the Court to review *de novo* Mr. English's medical history

21. Lincoln's actions in reviewing and denying benefits to Mr. English were arbitrary, capricious and erroneous.

22. Lincoln's conclusion that Mr. English is not disabled – as defined by the short-term and long-term disability benefits policies - is arbitrary and capricious, contrary to the objective medical evidence and assigns inappropriate weight to the conclusions of hired a record review doctor who has never examined Plaintiff.

23. At all times relevant to the events described in Plaintiff's Complaint, Lincoln was acting under a conflict of interest since it was responsible for both determining continuing eligibility for disability benefits and paying disability benefits to Mr. English. Plaintiff is therefore entitled to a broader scope of discovery than is normally available.

24. Due to Defendant's actions against Plaintiff and contrary to the plan terms, Mr. English is entitled to discovery exceeding standard ERISA protocol.

**COUNT ONE – Violation of ERISA**

25. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. Pursuant to the ERISA statute, Mr. English is entitled to short-term and long-term disability benefits under the plan.

27. Defendant wrongfully ceased paying short- term disability benefits to Plaintiff.

28. Defendants wrongfully denied long-term disability benefits to Plaintiff.

29. Defendant discontinuing benefits breaches the terms of the plan under the ERISA statute.

30. Defendant denying benefits breaches the terms of the plan under the ERISA statute.

31. Defendant's handling of Plaintiff's claim and appeal and discontinuing short- term disability benefits and denying long-term benefits to Plaintiff has been wrongful, reckless, arbitrary and capricious.

32. Defendant discontinuing short term disability benefits to Plaintiff is not supported by substantial evidence.

33. Defendant denying long-term disability benefits to Plaintiff is not supported by substantial evidence.

34. Defendant discontinuing short-term benefits and denying long-term benefits to Plaintiff is contrary to the objective medical evidence and opinions of Plaintiff's treating providers.

**COUNT TWO – Breach of Contract**

35. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 34.

36. As set forth herein, contrary to the terms of Plaintiff's contract with Defendant – in the form of the short-term and long term disability insurance policies - Lincoln has discontinued payment of short-term benefits and denied long-term benefits to Plaintiff.

37. Defendant ceasing payments and subsequently failing to make factual findings regarding Plaintiff's ability to perform essential functions/duties of any occupation is a breach of the parties' contract and violates the terms of the plan.

**WHEREFORE**, Plaintiff Jason English respectfully demands judgment in his favor and for the following relief:

(A) For payment of disability benefits due to him as calculated from date which benefits were ceased until judgment awarded to him by the Court with interest to the full extent permitted by law;

(B) For attorney fees and expenses that Plaintiff has incurred as a result of enforcing his contractual and ERISA rights;

(C) Any and all other relief to which the Plaintiff may be entitled and justice or equity demands; and

(D) Leave to freely amend in conformity with discovery of additional facts.

Respectfully submitted,

DORAN LAW OFFICE

/s/ Kevan M. Doran
Kevan M. Doran
KBA Bar No. 90631
DORAN LAW OFFICE
2950 Breckenridge Lane, Suite 12A
Louisville, Kentucky 40220
Phone: (502) 208-4971
Fax: (502) 618-0605
kdoran@thedoranlawoffice.com

**CERTIFIED MAIL®**

FOR USE ONLY WITH IMpb SHIPPING LABEL

Label 3800 N, January 2014 PSN 7690-17-000-5906

NEOPOST
10/08/2021
US POSTAGE $013.53⁰
ZIP 40601
041M11456493

120 N. Limestone, Room C-103
Lexington, KY 40507-1152

USPS CERTIFIED MAIL

9236 0901 9403 8352 7458 55

Restricted Delivery

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON
DENNIS GLASS
150 N. RADNOR CHESTER RD STE. A 300
WAYNE, PA 19087

RECEIVED OCT 1 2 2021

19087$5238 C036