**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | | |
|---|---|---|
| **JASON ENGLISH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,**<br><br>**Defendant.** | **)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)** | **CIVIL ACTION NO. 5:21cv271-DCR** |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant Lincoln Life Assurance Company of Boston[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Jason English, and states as follows:

1. Lincoln admits that Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota") sponsored the Toyota Motor Engineering & Manufacturing North America, Inc. Long-Term Disability Plan (the "LTD Plan") and the Toyota Motor Engineering & Manufacturing North America, Inc. Short-Term Disability Plan (the "STD Plan") to provide certain benefits to participating, eligible employees of Toyota. Lincoln admits that it issued Group Disability Income Policy Number GF3-860-066619-01 (the "Policy") to Toyota, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that it was formerly known as Liberty

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

Life Assurance Company of Boston. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that Plaintiff's claims are governed by ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that venue of this action is proper United States District Court for the Eastern District of Kentucky. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that it issued the Policy to Toyota which, at certain times, insured benefits from the LTD Plan sponsored by Toyota to provide certain benefits to participating, eligible employees of Toyota. Lincoln admits Plaintiff was, at certain times, employed by Toyota and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint does not contain any allegations to which Lincoln must respond.

6. Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Kentucky. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it was formerly known as Liberty Life Assurance Company of Boston. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it (or Liberty Life Assurance Company of Boston) was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint does not contain any allegations to which Lincoln must respond.

10. Lincoln admits Plaintiff was, at certain times, employed by Toyota and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff was, at certain times, employed by Toyota and was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Toyota, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that short-term disability benefits from the STD Plan are self-insured by Toyota and that, at certain times, Lincoln provided certain services to the STD Plan pertaining to claims for short term disability benefits under the terms of a contract. Lincoln specifically denies that benefits paid under the STD Plan were insured by the Policy. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan and denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that it provided certain services to the STD Plan pertaining to claims for short term disability benefits under the terms of a contract. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan and denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff's last day of work at Toyota was July 26, 2018. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln admits it sent a letter to Plaintiff dated December 4, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies the allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and

administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter to Plaintiff dated December 4, 2018, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln denies the allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies the allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that it issued the Policy to Toyota, which, at certain times, insured benefits from the LTD Plan. Lincoln admits that short-term disability benefits from the STD Plan are self-insured by Toyota and that, at certain times, Lincoln provided certain services to the STD Plan pertaining to claims for short term disability benefits under the terms of a contract. Lincoln specifically denies that benefits paid under the STD Plan were insured by the Policy. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

## COUNT ONE

25. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. To the extent that Paragraph 26 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. To the extent Plaintiff attempts to interpret the Policy or plan documents, Liberty Life refers to the Policy and plan documents themselves as the best evidence of their contents. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the STD Plan and the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. To the extent Plaintiff attempts to interpret the Policy or plan documents, Liberty Life refers to the Policy and plan documents themselves as the best evidence of their contents.

To the extent that Paragraph 30 contains legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that its decisions on Plaintiff's claims for benefits from the STD Plan and the LTD Plan were based on the administrative record regarding Plaintiff's claims for benefits from the STD Plan and the LTD Plan and that such decisions are governed by the terms of the Policy and plan documents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

**COUNT TWO**

35-37. The allegations contained in Count Two (Paragraphs 35-37) of the Complaint are the subject of Defendant's Motion to Partially Dismiss filed concurrently with this Answer.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the LTD Plan under the Policy and from the

STD Plan was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the STD Plan and the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

7. Lincoln is not a proper defendant with regard to Plaintiff's claim for benefits from the STD Plan and is not liable for the benefits from the STD Plan that are sought by Plaintiff as it neither insured those benefits nor is it otherwise liable for payment of benefits from the STD Plan.

8. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 1st day of November 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Kevan M. Doran
Email: kdoran@thedoranlawoffice.com

November 1, 2021
Date

/s/ Iwana Rademaekers
Iwana Rademaekers