**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | | |
|---|---|---|
| **JASON ENGLISH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 5:21cv271-DCR** |
| **v.** | ) | |
| | ) | |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Lincoln Life Assurance Company of Boston[1] ("Defendant" or "Lincoln") files this Motion to Partially Dismiss Plaintiff's Complaint and Brief in Support.

## I. GROUNDS FOR MOTION

In Plaintiff's Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1)(B). Plaintiff also brings a claim for breach of contract (presumably under state law).[2] However, Plaintiff's state law cause of action is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, the name of the entity "Lincoln Life Assurance Company of Boston" was changed to "The Lincoln National Life Insurance Company" after it merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

[2] See Complaint, Count Two ¶¶ 35-37.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Complaint for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[5] Plaintiff has failed to meet this burden with regard to the state law breach of contract claim he has brought against Lincoln in the Complaint, and this claim must be dismissed from the action.

### B. PLAINTIFF'S STATE LAW CAUSE OF ACTION IS PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

---

3 Fed. R. Civ. P. 12(b)(6).

4 "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365 (6th Cir. 2011) *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

5 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

It is evident from the Plaintiff's Complaint and by Plaintiff's inclusion of an ERISA claim in the Complaint that the disability plan at issue is an ERISA plan.[6] Further, the only conduct of Defendant about which Plaintiff complains in the Complaint is Defendant's denial of Plaintiff's disability benefits under the plan and the administration of his claim for benefits under the plan.[7] Therefore, it is clear that the Court must refer to the relevant ERISA plan documents in assessing the state law cause of action asserted by Plaintiff in the Complaint of breach of contract.[8] Thus, Plaintiff's state law cause of action directly "relates to" the disability plan and is preempted. Daniel v. Eaton Corp., 839 F.2d 263 (6th Cir.), cert. denied, 488 U.S. 826, 102 L. Ed. 2d 52, 109 S. Ct. 76 (1988) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Sixth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context). See, e.g., Ruble v. UNUM Life Ins. Co., 913 F.2d 295 (6th Cir. 1990); Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689 (6th Cir. 1989), cert. denied, 495 U.S. 905, 109 L. Ed. 2d 288, 110 S. Ct. 1924 (1990); McMahan v. New England Mut. Life Ins. Co., 888 F.2d 426 (6th Cir. 1989); Firestone Tire & Rubber Co. v. Neusser, 810 F.2d 550 (6th Cir. 1987).

Additionally, as reflected by the Complaint, Plaintiff's state law cause of action is in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-

---

6 See Complaint at ¶¶ 1-2, 4, 10-11, Count One (¶¶ 25-34), and ¶ B under the WHEREFORE section of the Complaint. Plaintiff's admissions and allegations in the Complaint clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1).

7 Complaint at ¶¶ 16-17, 19-24, and Count One (¶¶ 25-34).

8 Complaint at Count Two, ¶¶ 35-37.

regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, Plaintiff's state law cause of action for breach of contract in the Complaint is clearly preempted by ERISA, and this Motion to Partially Dismiss should be granted.

## III.
## CONCLUSION

Defendant requests the Court dismiss the state law breach of contract cause of action (Count Two, paragraphs 35-37) in Plaintiff's Complaint against it with prejudice, and grant Defendant any other relief to which it shows itself justly entitled.

Dated this 1st day of November 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Kevan M. Doran
Email: kdoran@thedoranlawoffice.com

November 1, 2021 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers