UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JASON ENGLISH, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5: 21-271-DCR |
| | ) |
| V. | ) |
| | ) |
| LINCOLN LIFE ASSURANCE | ) **MEMORANDUM OPINION** |
| COMPANY OF BOSTON, | ) **AND ORDER** |
| | ) |
| Defendant. | ) |

*** *** *** ***

The Employee Retirement Income Security Act of 1974 ("ERISA") embodies a comprehensive civil enforcement scheme regarding claims for employment benefits. The statute "represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefits plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). An expansive preemption clause that subjugates "any and all" state statutes or causes of action that "relate to" an ERISA-covered benefit plan is integral to this scheme.[1] 29 U.S.C. § 1144(a). Defendant Lincoln Life Assurance Company of Boston's ("Lincoln Life") motion to dismiss Plaintiff Jason English's state law breach of contract claim relies on this provision. [Record No. 7]

---

[1] With certain exceptions not relevant here, the statute covers any plan "established or maintained by an employer or by an employee organization, or by both, to the extent that such plan . . . was established or is maintained for the purpose of providing . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. §§ 1002(1), 1003.

English has not responded to the motion, and the time to do so has expired. The pending motion will be granted because plaintiff's breach of contract claim "relate[s] to" an ERISA-covered plan and does not fall within the statutory exception.

English, as an employee of Toyota Engineering & Manufacturing of Kentucky, participated in a group disability insurance policy administered by Lincoln Life. [Record No. 1-1, ¶¶ 4, 10–12] The plaintiff claims that he became disabled within the meaning of that policy on or about July 27, 2018. [*Id.*, ¶ 14] He began receiving short-term disability benefits under the policy shortly thereafter. [*Id.*, ¶ 15] English made an unsuccessful attempt to return to work in late September 2018. [*Id.*, ¶ 16] Based on this attempt, Lincoln Life concluded that he was no longer disabled and discontinued his benefits. [*Id.*, ¶¶ 16, 19] English challenged this decision. He first exhausted his administrative remedies under the plan before filing this action in Fayette Circuit Court. [*Id.*, ¶ 18] His Complaint alleges two counts against Lincoln Life: one for violation of ERISA and one for breach of contract. [*Id.*, ¶¶ 25–37] The defendant subsequently removed the action to this Court, and now seeks dismissal of the contract claim. [Record No. 1; Record No. 7]

Rule 12 of the Federal Rules of Civil Procedure allows a party to move the court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

As discussed, state law actions that "relate to" covered employee benefit plans are expressly preempted by ERISA.[2] 29 U.S.C. § 1144(a). An action "relate[s] to" a benefit plan if it has any "connection with or reference to such a plan." *Dedeaux*, 481 U.S. at 47 (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)). And the claim is preempted if it arises from the administration of the plan or asserts improper processing of a claim for benefits. *Id.* at 55–56; *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).

The disability plan at issue here is an ERISA-covered plan. *See* 29 U.S.C. § 1002(1). The plan falls within the language of the statute and the parties agree that it is governed by ERISA. [Record No. 1-1, ¶¶ 1–2 (Plaintiff's Complaint alleging that this action arises under ERISA); Record No. 6, ¶¶ 1–2 (Defendant's Answer admitting that the benefit plan and plaintiff's claims are governed by ERISA)] If English's contract claim "relate[s] to" the plan, then the claim is preempted.

Here the breach of contract claim is directly "relate[d] to" the ERISA plan. It expressly refers to the terms of the plan, meeting the Supreme Court's "connection or reference" test. [Record No. 1-1, ¶ 37]; *Dedeaux*, 481 U.S. at 47 (quoting *Metropolitan Life*, 471 US at 739) ("[A] state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a *connection with or reference to* such a plan.'") (emphasis added). Indeed, the "contract" that English charges Lincoln Life with breaching is the ERISA plan itself. [Record No. 1-1, ¶ 36

---

[2] The statute does contain an exception for state laws that "regulat[e] insurance." 29 U.S.C. § 1144(b)(2)(A). However, this exception does not apply to the contract action at issue. *See Dedeaux*, 481 U.S. at 48–57 (finding that a similar state law breach of contract claim did not fall within the exception). A common-sense understanding of the phrase "regulates insurance" does not indicate that a breach of contract action comes within the exception. *Id.* at 50. Moreover, none of the McCarran-Ferguson Act factors regarding the "business of insurance" suggest that such an action regulates insurance. *Id.* at 50–51. Accordingly, this exception will not be addressed further in this analysis.

(describing the contract as "short-term and long[-]term disability insurance policies")] Further, the claim arises from Lincoln Life's administration of the plan and charges the defendant with improper processing of plaintiff's benefits claim. [*Id.*, ¶¶ 36–37]; *see Dedeaux*, 481 U.S. at 56 ("[A]ll suits . . . asserting improper processing of claims under ERISA-regulated plans [must] be treated as federal questions governed by [ERISA's enforcement provisions].") English's breach of contract claim is preempted. *See* 29 U.S.C. § 1144(a).

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Lincoln Life Assurance Company of Boston's motion for partial dismissal [Record No. 7] is **GRANTED**.

2. Plaintiff Jason English's breach of contract claim (Count II of the Complaint) is **DISMISSED**, with prejudice.

3. This Memorandum Opinion and Order does not affect Plaintiff's remaining claim charging a violation of ERISA (Count I of the Complaint).

Dated: December 3, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky