Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

DEVAN DORAN
DORAN LAW OFFICE
436 SOUTH 7TH ST STE 200
LOUISVILLE KY 40203

EXHIBIT

2

Lincoln Financial Group®

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 427-2113

October 8, 2019

Devan M. Doran
Doran Law Office
436 SOUTH 7TH ST STE 200
LOUISVILLE, KY 40203

RE: Long Term Disability (LTD) Benefits
Toyota
Claim #: 8465694
Claimant: Jason English

Dear Devan Doran:

We reviewed your appeal request for Long Term Disability ("LTD") benefits on behalf of Jason English and maintained the decision to deny benefits.

**Initial Claim Decision**

Mr. English submitted a claim for your absence from work as of May 31, 2018, as a result of anxiety. His LTD benefits were due to begin on Decmeber 10, 2018 after the Policy's elimination period was completed. However, his claim was denied as the evaluation concluded Mr. English was not disabled throughout and beyond the Policy's elimination period.

The basis for the decision was outlined in a letter dated December 4, 2018. Mr. English was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt that his claim should not have been denied, and submit additional information to support his claim. Specifically, he was advised to submit the following information: *office notes, psychotherapy notes, pharmacy records, standardized measures of anxiety, a psychiatric assessment, specific restrictions and limitations and the medical evidence to support them, from all treating providers; as well as any additional information, not already on file, which you feel will support your claim.*

**Appeal**

We received your letter of appeal on behalf of Mr. English dated April 18, 2019.

In support of his claim, you submitted the following information:

- September 27, 2018m October 10, 2018, November 2, 2018 office visit notes from Tamera Fenton, LPCC/Psychological Behavioral Cons.
- November 8, 2018, December 19, 2018, January 18, 2019, April 10, 2019 and April 17,

2019 office visit notes form Dr. Jai Gilliam.

**Appeal Evaluation**

We reviewed your file to determine whether the information validated impairment that would have prevented you from performing the duties of your job beyond September 23, 2018.

Mr. English's claim was reviewed by a consulting physician board certified in psychiatry. Based on the complete review of his file, the consulting physician concluded the following in a report dated:

*"The claimant went out of work with complaints of depression and anxiety in the context of marital stress and his mother having had a stroke. On 6-3-18 he is noted in the office to be very tearful, but calm and composed. He is started on Zoloft and that is increased to 100 mg on 6-14-18. On 7-12-18 he is noted to be still depressed but feeling better and reports feeling ready to return to work. He denies any agitation or decreased concentration. His exam shows normal mood and affect. Dr. Gilliam's office releases him to return to work on 7-23-18.*

*On 8-6-18 the claimant reports being emotional and having angry outbursts. On exam he is emotional and tearful but composed. He is started on Wellbutrin. On 9-24-18 he is noted to be coping well with stressors. A letter from Dr. Don confirming his conversation with Dr. Gilliam notes that the claimant is back to work on a different shift.*

*On 11-28-18 he reports being emotional, crying, and feeling isolated. There is no mental status exam. He starts back on 50 mg Zoloft.*

*On 12-19-18 he reports being some better and Zoloft is increased to 100 mg. Again there is no exam.*

*On 1-18-19 the claimant reports doing a lot better.*

*On 4-10-19 the claimant reports work stress, increased blood pressure, and notes that his mother has died.*

*There are therapy notes from Tamera Fenton 9-27-18 through 11-2-18. These document reports of being depressed and stressed. The mental status exam does not note any abnormalities other than depressed mood or anxious mood. The claimant reports that he hit a wall and broke his wrist six weeks ago, but there are no other notes, such as from his doctor's office or from an ER to corroborate this.*

*Any psychiatric restrictions or limitations depend on documentation of frequent and severe symptoms along with corroborating exam findings. The available record does not document such findings as deficits in grooming or eye contact, psychomotor changes, cognitive impairment, psychosis or thought disorder, suicidal preoccupation, intractable crying, or other such findings to support the presence of ongoing impairment.*

*After the claimant's release to return to work he does seek additional treatment with some psychiatric complaints. But these complaints alone do not support impairment requiring restrictions or limitations.*

*The claimant is treated with Zoloft for depression and has a good response to it on two occasions. This is a reasonable treatment plan, but it is not clear why it was stopped prematurely the first time. The record only documents three visits with a therapist, the last of which is 11-2-18. This is not consistent with treatment for a person with significant symptoms and impairment, who one would expect to see in ongoing psychotherapy at least every two weeks.*

*The available record does not support any psychiatric impairment beyond 9-23-18 that would translate to the need for restrictions or limitations."*

The consulting physician also attempted to contact Dr. Gilliam and Tamera Fenton, however contact was unsuccessful.

We wrote to you on September 11, 2019, to provide you with an opportunity to review and comment on the clinical assessment before a final decision was rendered on Mr. English's appeal. Your response was due by October 2, 2019. To date, we have not received any response or further information for review.

**Conclusion**

We conducted a thorough and independent review of Mr. English's entire claim. In summary, we acknowledge that he may have continued to experience some symptoms associated with his condition. However, the information does not contain physical or mental status exam findings, diagnostic test results, or other forms of medical documentation to verify that his impairments and symptoms were of such severity, frequency and duration that they rendered him unable to perform his duties beyond September 23, 2018.

Having carefully considered all of the information submitted in support of his claim, our position remains that proof of Mr. English's continued disability in accordance with the Policy provisions after September 23, 2018 has not been provided. Therefore, no benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to receive benefits, you must satisfy the requirements of all Policy provisions that state, in part:

***LONG TERM DISABILITY COVERAGE***

*Elimination Period:*

*The greater of:*
*a. the end of the Covered Person's Short Term Disability Benefits; or*
*b. 180 days*

*"Disability" or "Disabled" means:*

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

*i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
*ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:*

*"Disability" or "Disabled" means as a result of Injury or Sickness the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation.*

*"Elimination Period" means a period of consecutive days of Disability or Partial Disability for which no benefit is payable. The Elimination Period is shown in the Schedule of Benefits and begins on the first day of Disability.*

*If the Covered Person returns to work for any ninety or fewer days during the Elimination Period and cannot continue, Liberty will count only those days the Covered Person is Disabled or Partially Disabled to satisfy the Elimination Period.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency. In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.

***Legal Proceedings***

*A claimant or the claimant's authorized representative cannot start any legal action:*

*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the Toyota Motor Engineering & Manufacturing North America, Inc.'s Short Term Disability Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Stephanie Adams
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 13999
Secure Fax No.: (603) 427-2113

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

DEVAN DORAN
DORAN LAW OFFICE
436 SOUTH 7TH ST STE 200
LOUISVILLE KY 40203

Lincoln Financial Group®

Lincoln Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 427-2113

October 8, 2019

Devan M. Doran
Doran Law Office
436 SOUTH 7TH ST STE 200
LOUISVILLE, KY 40203

RE: Short Term Disability (STD) Benefits
Toyota
Claim #: 6017589
Claimant: Jason English

Dear Devan Doran:

On behalf of the Plan sponsor, Toyota Motor Engineering & Manufacturing North America, Inc., we reviewed your appeal request for Short Term Disability ("STD") benefits on behalf of Jason English and maintained the decision to deny benefits beyond September 23, 2018.

**Initial Claim Decision**

Mr. English submitted a claim for your absence from work as of May 31, 2018, as a result of anxiety. His claim was approved through September 23, 2018 based on the documentation on file.

At that time, your file contained the following information:

- June 1, 2018, June 3, 2018, June 14, 2018, July 12, 2018, August 6, 2018, August 9, 2018, September 24, 2018 office visit notes from Dr. Jai Gilliam/Jessica Franey, PA-C.
- July 9, 2018 and July 12, 2018 correspondence from Dr. Jai Gilliam.
- August 6, 2018 after visit summary and medication list from Dr. Jai Gilliam.

His claim was reviewed by a Licensed Medical Clinical Practitioner, Board Certified in Psychiatry, for an independent review of the medical records noted above. The review concluded the following:

*"A diagnosis of Adjustment Disorder with Mixed Anxiety and Depression is suggested by the medical records.*

*Psychiatric impairment is supported through 9/23/18. From 9/24/18 there is no documentation that you were precluded from performing your usual range of life activities as a result of a psychiatric disorder, with no documentation of the symptoms typically associated with a severe condition (such as psychosis, suicidal thoughts, significant weight loss, cognitive impairment, or social isolation). There is also no documentation of observed mental status abnormalities (such as*

*impairment in grooming, communication, behavior, emotional control, or cognition) on this date. There is no indication that you had participated in a higher level of care, such as frequent PCP visits or sustained treatment with a behavioral health provider. There was also no documentation of a recent medication change. While you may have persistent residual symptoms of depression or anxiety, these mild symptoms do not support workplace restrictions or limitations from 9/24/18 forward. From 9/24/18 there is no documented objective impairment in behavior, appearance, emotional regulation, speech, or communication, and no basis for a finding of social impairment."*

The basis for the decision was outlined in a letter dated December 4, 2018. Mr. English was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt that his claim should not have been denied, and submit additional information to support his claim. Specifically, he was advised to submit the following information: *office notes, psychotherapy notes, pharmacy records, standardized measures of anxiety, a psychiatric assessment, specific restrictions and limitations and the medical evidence to support them, from all treating providers; as well as any additional information, not already on file, which you feel will support your claim.*

**Appeal**

We received your letter of appeal on behalf of Mr. English dated April 18, 2019.

In support of his claim, you submitted the following information:

- September 27, 2018m October 10, 2018, November 2, 2018 office visit notes from Tamera Fenton, LPCC/Psychological Behavioral Cons.
- November 8, 2018, December 19, 2018, January 18, 2019, April 10, 2019 and April 17, 2019 office visit notes form Dr. Jai Gilliam.

**Appeal Evaluation**

We reviewed your file to determine whether the information validated impairment that would have prevented you from performing the duties of your job beyond September 23, 2018.

Mr. English's claim was reviewed by a consulting physician board certified in psychiatry. Based on the complete review of his file, the consulting physician concluded the following in a report dated:

*"The claimant went out of work with complaints of depression and anxiety in the context of marital stress and his mother having had a stroke. On 6-3-18 he is noted in the office to be very tearful, but calm and composed. He is started on Zoloft and that is increased to 100 mg on 6-14-18. On 7-12-18 he is noted to be still depressed but feeling better and reports feeling ready to return to work. He denies any agitation or decreased concentration. His exam shows normal mood and affect. Dr. Gilliam's office releases him to return to work on 7-23-18.*

*On 8-6-18 the claimant reports being emotional and having angry outbursts. On exam he is emotional and tearful but composed. He is started on Wellbutrin. On 9-24-18 he is noted to be coping well with stressors. A letter from Dr. Don confirming his conversation with Dr. Gilliam notes that the claimant is back to work on a different shift.*

*On 11-28-18 he reports being emotional, crying, and feeling isolated. There is no mental status*

*exam. He starts back on 50 mg Zoloft.*

*On 12-19-18 he reports being some better and Zoloft is increased to 100 mg. Again there is no exam.*

*On 1-18-19 the claimant reports doing a lot better.*

*On 4-10-19 the claimant reports work stress, increased blood pressure, and notes that his mother has died.*

*There are therapy notes from Tamera Fenton 9-27-18 through 11-2-18. These document reports of being depressed and stressed. The mental status exam does not note any abnormalities other than depressed mood or anxious mood. The claimant reports that he hit a wall and broke his wrist six weeks ago, but there are no other notes, such as from his doctor's office or from an ER to corroborate this.*

*Any psychiatric restrictions or limitations depend on documentation of frequent and severe symptoms along with corroborating exam findings. The available record does not document such findings as deficits in grooming or eye contact, psychomotor changes, cognitive impairment, psychosis or thought disorder, suicidal preoccupation, intractable crying, or other such findings to support the presence of ongoing impairment.*

*After the claimant's release to return to work he does seek additional treatment with some psychiatric complaints. But these complaints alone do not support impairment requiring restrictions or limitations.*

*The claimant is treated with Zoloft for depression and has a good response to it on two occasions. This is a reasonable treatment plan, but it is not clear why it was stopped prematurely the first time. The record only documents three visits with a therapist, the last of which is 11-2-18. This is not consistent with treatment for a person with significant symptoms and impairment, who one would expect to see in ongoing psychotherapy at least every two weeks.*

*The available record does not support any psychiatric impairment beyond 9-23-18 that would translate to the need for restrictions or limitations."*

The consulting physician also attempted to contact Dr. Gilliam and Tamera Fenton, however contact was unsuccessful.

We wrote to you on September 11, 2019, to provide you with an opportunity to review and comment on the clinical assessment before a final decision was rendered on Mr. English's appeal. Your response was due by October 2, 2019. To date, we have not received any response or further information for review.

**Conclusion**

We conducted a thorough and independent review of Mr. English's entire claim. In summary, we acknowledge that he may have continued to experience some symptoms associated with his condition. However, the information does not contain physical or mental status exam findings,

diagnostic test results, or other forms of medical documentation to verify that his impairments and symptoms were of such severity, frequency and duration that they rendered him unable to perform his duties beyond September 23, 2018.

Having carefully considered all of the information submitted in support of his claim, our position remains that proof of Mr. English's continued disability in accordance with the Plan provisions after September 23, 2018 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Plan provisions.

**Plan Provisions**

To be eligible to receive benefits, you must satisfy the requirements of all Plan provisions that state, in part:

***Disability.*** *A physical or mental condition of a Participant arising after the Effective Date which renders the Participant arising after the Effective Date which renders the Participant incapable of performing any of the Participant's usual duties with the Company. Provided, Disability shall not include: injury or sickness due to employment with any other employer or self-employment; any injury which is self-inflicted or self-induced; for any Non-Exempt Employee, any injury due to employment with the Company which is covered by workers' compensation insurance; or voluntary cosmetic surgeries that are not medically necessary including, but not limited to, hair transplants, liposuction, breast augmentations, face lifts, and Lasik vision corrective surgery. Disability will include certain cosmetic reconstructive procedures, such as facial reconstruction after accidental injury, or breast reductions after mastectomy surgery. The Disability of the Participant shall be determined by the Administrator, based upon competent medical authority.*

You were provided with the opportunity to appeal the decision made by Lincoln Financial Group and to submit any additional information you wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has determined that the denial of benefits will be maintained.

At this time, Lincoln Financial Group has concluded their review and your claim remains closed. You may request to review relevant file documents upon which the denial of benefits was based.

Decisions made by Lincoln Financial Group are based on the provisions outlined in the Toyota Motor Engineering & Manufacturing North America, Inc.'s Short Term Disability Plan. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.

If you require language translation assistance, please contact Lincoln Financial Group Life to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́įł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Stephanie Adams
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 13999
Secure Fax No.: (603) 427-2113